IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

T.R.I.B.E., LLC,

    Plaintiff,

v.                                                1:25-cv-00146-DHU-JMR

KINSALE INSURANCE COMPANY,

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on its Order to Show Cause, issued on February 18, 2025. Doc. 4. Pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (b)(3), the Honorable David Herrera Urias referred this matter to me for a recommended disposition. Doc. 7. Having reviewed the briefing, the law, and the facts of this case, I recommend that the Court dismiss Plaintiff T.R.I.B.E., LLC's ("TRIBE") complaint without prejudice for failure to comply with local rules and failure to prosecute its claims.

**I.      The Order to Show Cause**

In its Order to Show Cause, the Court noted that TRIBE was in violation of the local rule requiring business entities to be represented by counsel. Doc. 4 (citing D.N.M.LR-Civ. 83.7).[1] The Court advised TRIBE that it would not be allowed to proceed in federal court without counsel. *Id.* The Court also advised TRIBE that its case could be dismissed if counsel did not enter an appearance on its behalf within 21 days. *Id.* Counsel did not enter an appearance within

---

[1] Under the Local Rules, "[a] corporation, partnership or business entity other than a natural person must be represented by an attorney authorized to practice before this Court." D.N.M.LR-Civ. 83.7.

the 21-day period, which ended on March 11, 2025, and TRIBE did not otherwise respond to the Court's order.

Although not requested by the Court, Defendant Kinsale Insurance Company ("Kinsale") filed a response to the Order to Show Cause. Doc. 5. In it, Kinsale acknowledges that a dismissal under Local Rule 83.7 "is usually without prejudice," but asks the Court not to do so here. *Id*. at 2. Kinsale instead proposes various procedural mechanisms the Court might use to either dismiss TRIBE's claims with prejudice or to reach the merits. *Id*. Essentially, Kinsale wants to resolve the question of whether, under the insurance policy it issued to TRIBE, TRIBE is entitled to a defense or indemnification against claims asserted in the underlying litigation pending in New Mexico state court. *Id.* Kinsale argues that if the Court dismisses this action without prejudice, it would be forced to file a new lawsuit against TRIBE to resolve the coverage issue. *Id*. While the Court is sympathetic to Kinsale's arguments, the Court nevertheless recommends dismissal of TRIBE's claims without prejudice for the reasons described below.

**II.     Analysis**

Both the Court's Local Rules and case law require "[a] corporation, partnership or business entity other than a natural person" to be represented by an attorney. D.N.M.LR-Civ. 83.7; *see also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (citations omitted) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities."). When a business entity plaintiff is not represented by counsel, the general practice in this district is to dismiss without prejudice, which Kinsale acknowledges. Doc. 5 at 2.

The Court could also choose, however, to dismiss this case pursuant to Federal Rule of Civil Procedure 41(b).  Rule 41(b) authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."  FED. R. CIV. P. 41(b).  *See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (citation omitted) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute . . . a case, or for failing to comply with local or federal procedural rules.").  As the United States Court of Appeals for the Tenth Circuit has explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation."  *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1152 (10th Cir. 2007).  "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court orders."  *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice."  *Davis v. Miller*, 571 F.3d 1058, 1060 (10th Cir. 2009).  If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."  *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007).  Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy—the death penalty of pleading punishments—[the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria."  *Nasious*, 492 F.3d at 1162.  Those criteria include the following factors:  (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court

3

warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Nasious*, 492 F.3d at 1162; *see also Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).[2]

     Having considered these factors, I recommend that this case be dismissed without prejudice. The first factor weighs slightly in favor of dismissal with prejudice. While Kinsale will have to pay the filing fee and draft a complaint for a new case, Kinsale will suffer little other actual prejudice if the Court dismisses this case without prejudice. Indeed, if this case is dismissed without prejudice, Kinsale admits that it will simply commence a new lawsuit to resolve the coverage issue. Doc. 5 at 2. The second factor weighs in favor of dismissal without prejudice. There has been no action in this case since it was removed to federal court; thus, dismissal without prejudice does not interfere with judicial process. The third factor is neutral. TRIBE is culpable for not retaining an attorney to proceed with its claims, but being culpable of not pursuing its own claims does not merit dismissal with prejudice. The fourth factor weighs strongly in favor of dismissal without prejudice. Nothing in the state court records shows that TRIBE was warned that it could not proceed without an attorney.[3] While this Court did warn TRIBE that failure to obtain an attorney could result in dismissal of its case, it did not warn TRIBE that such dismissal could be with prejudice. Doc. 4. The fifth factor also weighs in favor of dismissal without prejudice. Under these circumstances, a lesser sanction of dismissal without

---

[2] These factors are commonly referred to as the "*Ehrenhaus* factors."

[3] TRIBE's counsel requested to withdraw in state court on September 17, 2024, and the state court granted the request to withdraw on September 18, 2024, noting that "TRIBE, LLC has 20 days to obtain new counsel or is deemed to be proceeding pro se." *Cooley v. Palacios, et al,* D-1113-CV-2024-00034 (McKinley County, 11th Judicial District, State of New Mexico). Thus, the state court appears to have allowed TRIBE to proceed pro se, with all communications sent to Michael Singer. Kinsale admits that TRIBE was proceeding pro se in state court. Doc. 5 at 2 ("Plaintiff appears to have been proceeding pro se in the underlying state court action.").

prejudice is appropriate. Having considered all five of the *Ehrenhaus* factors, I find that they do not support dismissal with prejudice. I therefore recommend the Court dismiss this action without prejudice.

Finally, I do not recommend that the Court invoke the other procedures proposed by Kinsale: (1) entering a default judgment against TRIBE pursuant to D.N.M.LR-Civ. 83.8(c); (2) allowing Kinsale time to file a motion for leave to amend its answer to include a counterclaim for declaratory relief on the coverage issues; or (3) allowing Kinsale to file a summary judgment motion. Doc. 5 at 2. The Court's starting point in deciding the best path forward in this case is Local Rule 83.7, which requires TRIBE to be represented by counsel in order to proceed. D.N.M.LR-Civ. 83.7. Because TRIBE is not represented by counsel, I conclude that this case must be dismissed as soon as practicable. *See Roscoe v. United States*, 134 F. App'x 226 (10th Cir. 2005) (unpublished) (dismissing LLC plaintiff's case because it was not represented by counsel). In my view, the Court has two real options: dismiss without prejudice or dismiss with prejudice. The Court does not find it appropriate to enter a default judgment against a plaintiff who has essentially abandoned its case. The Court also does not find it appropriate to expand this case by allowing a counterclaim or a summary judgment motion.

I therefore recommend that the Court dismiss TRIBE's complaint without prejudice for failure to obtain counsel and for failure to prosecute its claims.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific. *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of *de novo* review by a district or appellate court. *Id.* In other words, if no objections are filed, no appellate review will be allowed.

_____
JENNIFER M. ROZZONI
United States Magistrate Judge